## PETRONA SORIANO ET AL.
### *v.*
## ESTEBAN ARRESE.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE—STATEMENT OF VENDOR AFTER CONVEYANCE BY HIM.

1. Where newly discovered evidence is the ground for a new trial, it should be overruled if a want of diligence to obtain it before the trial appears.
2. The statement of a vendor made subsequent to a conveyance of the property by him is not admissible to slander the title he professed to convey.

October 26, 1903.

*Mr. H. F. Hord* for plaintiffs.

*Mr. N. B. K. Pettingill* for defendant.

HOLT, Judge, delivered the following opinion:

This action is to recover 50 cuerdas of land. One of the defenses is adverse possession. The only ground for a new trial that requires consideration is newly discovered evidence. This consists in a written declaration, or what is, perhaps, a will under the local law, made by the party through whom the defendant claims, and who has since died, in which it is admitted the plaintiffs have an interest in the land. It does not admit an interest equal to what they claim, or to what they are entitled if

their claim be correct, but a much less one. This interest is admitted by the writing in a tract of 150 cuerdas, while this action relates to but 50 acres of it.

But aside from the uncertainty thus arising, the ground is insufficient for two reasons:

First. The affidavit in support of the ground is made by the attorney, and not by the client; but even conceding this is sufficient, and although it states generally that the existence of the written declaration could not have been ascertained and it produced at the trial by reasonable diligence, yet the writing was written by one party and attested by five others; and this was done as recent as October 14th, 1900. Its execution must have been generally known in the vicinity, and reasonable inquiry as to how this grantor claimed would have made known the existence of the writing. There is a want of proper diligence.

Second. The writing is dated October 14th, 1900. The conveyance to the defendant by the party who executed the writing was prior to this, to wit, October 1st, 1897. It is true it was a conditional sale, the period given for repurchase being three years. It had expired before the execution of the writing of October 14th, 1900. The party purported to convey to the defendant a good title to the entire 50 cuerdas. He thereby said he owned all of it. It is now proposed to show by his own declaration, made afterward, that this was not true. This is not allowable. The declaration of a vendor made subsequent to his conveyance is not competent to slander the title he professed to convey. This is true of a mortgagor. Greenl. Ev. § 189; Jones, Mortg. § 682.

The motion for a new trial is overruled.